UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

Board of Trustees of the I.A.T.S.E. Annuity Fund et al.,

          Plaintiffs,

-against-

National Convention Services, LLC,

          Defendant.

1:24-cv-00019 (GHW) (SDA)

**ORDER**

**STEWART D. AARON, United States Magistrate Judge:**

    Plaintiffs filed the Complaint in this action on January 2, 2024. (Compl., ECF No. 1.) On January 3, 2024, this action was referred to the undersigned for general pretrial and dispositive motions. (Referral Order, ECF No. 6.) Defendant was served with the Summons and Complaint on January 25, 2024. (*See* Summons Returned Executed, ECF No. 7.) Defendant thereafter failed to timely enter an appearance in this action.

    On March 26, 2024, the Court entered an Order stating that, if Defendant did not appear by April 2, 2024, Plaintiffs were to seek a certificate of default from the Clerk of Court no later than April 9, 2024. (3/26/24 Order, ECF No. 10.) A Clerk's Certificate of Default was entered on April 8, 2024. (Clerk's Cert. Of Default, ECF No. 15.)

    Accordingly, it is hereby Ordered that Plaintiffs shall file a motion for default judgment no later than May 1, 2024. Plaintiffs' motion shall include the elements of each asserted cause of action and shall demonstrate how Plaintiffs' allegations establish Defendant's liability as to each. *See, e.g., LG Capital Funding, LLC v. FLASR, Inc.*, 422 F. Supp. 3d 611, 623 (E.D.N.Y. 2018) ("With respect to liability, a defendant's default does no more than concede the complaint's factual

allegations; it remains the plaintiff's burden to demonstrate that those uncontroverted allegations, without more, establish the defendant's liability on each asserted cause of action.").

In addition, Plaintiffs shall file Proposed Findings of Fact and Conclusions of Law concerning all damages and any other relief that Plaintiffs seek. The submission shall contain a concluding paragraph that succinctly summarizes what damage amount (or other monetary relief) is being sought, including the exact dollar amount. Plaintiffs' Proposed Findings of Fact should specifically tie the proposed damages figure to the legal claim(s) on which liability has been established; should demonstrate how Plaintiffs arrived at the proposed damages figure; and should be supported by one or more affidavits, which may attach any documentary evidence establishing the proposed damages. <u>Each Proposed Finding of Fact shall be followed by a citation to the paragraphs of the affidavit(s) and or page of documentary evidence that supports each such Proposed Finding</u>.[1]

In lieu of conclusions of law, Plaintiffs may submit a memorandum of law setting forth the legal principles applicable to Plaintiffs' claim or claims for damages (including but not limited to the legal basis for any claim for interest or attorneys' fees). Plaintiffs' papers must include an affidavit from someone with personal knowledge, setting forth the facts which establish that the Court has both personal jurisdiction over the Defendant and jurisdiction over the subject matter.

---

[1] Any request for attorneys' fees must be supported by contemporaneous time records showing, for each attorney, the date of service, the hours expended, and the nature of the work performed. Counsel should also provide the number of years they have been admitted to the bar and their hourly rate. Finally, the Conclusions of Law shall include a paragraph or paragraphs setting forth the legal basis for any requested award of attorneys' fees, including why, if applicable, the number of attorneys involved are entitled to fees.

The Court hereby notifies the parties that it may conduct the damages inquest based solely upon the written submissions of the parties. *See Bricklayers & Allied Craftworkers Local 2, Albany, N.Y. Pension Fund v. Moulton Masonry & Const., LLC*, 779 F.3d 182, 189 (2d Cir. 2015) (quoting *Action S.A. v. Marc Rich & Co.*, 951 F.2d 504, 508 (2d Cir. 1991)); *Cement & Concrete Workers Dist. Council Welfare Fund, Pension Fund, Annuity Fund, Educ. & Training Fund & Other Funds v. Metro Found. Contractors Inc.*, 699 F.3d 230, 234 (2d Cir. 2012) (citation omitted). To the extent that any party seeks an evidentiary hearing on the issue of damages, such party must set forth in its submission the reason why the inquest should not be conducted based upon the written submissions alone, including a description of what witnesses would be called to testify at a hearing and the nature of the evidence that would be submitted.

It is further Ordered that, no later than May 1, 2024, Plaintiffs shall serve its motion papers, along with a copy of this Order, on Defendant and file proof of service on the docket. Defendant shall send to Plaintiffs' counsel and file with the Court its response, if any, to Plaintiffs' submissions no later than May 15, 2024.

**SO ORDERED.**

Dated:   New York, New York
         April 10, 2024

_____
STEWART D. AARON
United States Magistrate Judge